# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR BALDERAS and BELEN BALDERAS,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE BANK, N.A., et al,<br><br>Defendant. | CASE NO. 09cv564-MMA(JMA)<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 27] |

This matter is before the Court on Defendants Countrywide Bank, N.A. and Countrywide Home Loans, Inc.'s [Doc. No. 27] motion to dismiss Plaintiffs Victor and Belen Balderas' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs filed an [Doc. No. 30] opposition to the motion. The Court took the matter under submission on the papers pursuant to Civil Local Rule 7.1.d.1. For the following reasons, the Court **GRANTS** the motion.

### BACKGROUND

Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations of the complaint in question. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).[1]

This action arises out of events related to the refinancing of Plaintiffs' primary residence, located at 131 Cassou Road, San Marcos, California, 92069-9703 ("the subject property"). On or

---

[1] All facts cited are taken from Plaintiffs' First Amended Complaint unless otherwise noted.

about September 5, 2006, Plaintiffs were contacted by Defendant Mor Cazakov, an employee of Defendant AAA Funding, Inc. d/b/a First USA Funding and legal agent of Defendant Countrywide Bank, N.A.  Cazakov represented to Plaintiffs that he was employed by Countrywide and offered Plaintiffs refinanced mortgage loans that would fix the Plaintiffs' mortgage interest rate, reduce their payments, and provide then with cash for home improvements.  Although aware of Plaintiffs' inability to read or write in English, a loan application was filled out by another Countrywide employee, Soraya Qassim, and presented to Plaintiffs for signature that same date without the benefit of an interpreter.  The loan application contained false statements regarding Plaintiffs' income, despite Plaintiffs' truthful representations to the contrary.

On or about September 22, 2006, Qassim appeared unannounced at Plaintiffs' home with a copy of the loan application for Plaintiffs' signature. Plaintiffs signed the application.  Three days later, Casakov appeared unannounced at Plaintiffs' home, accompanied by a notary public, Defendant Galena Korol, seeking Plaintiffs' signatures on the loan documents.  Plaintiffs informed Casakov that they would not sign the documents until they had the opportunity to review them with their daughter, who is fluent in English and familiar with the mortgage loan process.  After six hours of attempting to reach their daughter, and with Cazakov and Korol refusing to leave their home without Plaintiffs' signatures, Plaintiffs signed the loan documents after midnight.  On or about September 27, 2006, Plaintiffs contacted Cazakov to inform them of their desire that the loan be rescinded.  Plaintiffs contacted Countrywide and informed a service representative of the same.

Once their daughter was able to translate and interpret the terms of the loan, Plaintiffs discovered that they actually signed documentation for two loans – a first mortgage with a variable interest rate and a second mortgage with a fixed interest rate.  Plaintiffs also learned that their existing mortgage included a prepayment penalty in excess of $17,000 which Cazakov never disclosed.  Defendants failed to provide Plaintiffs with a properly prepared Notice of Right to Cancel.  Plaintiffs began receiving and paying mortgage payments in December 2006 and continue to do so to their financial detriment.  Plaintiffs have made several rescission demands, which Defendants rejected.

On May 20, 2009, Plaintiffs filed a First Amended Complaint ("FAC") against Defendants,

alleging seven causes of action: (1) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq*; (2) fraud; (3) breach of fiduciary duty; (4) professional negligence; (5) violations of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq*; (6) unfair business practices, Cal. Bus. & Prof. Code §§ 17200, *et seq*; and (7) trespass.  Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  In the alternative, Defendants request that the Court order Plaintiffs to re-plead pursuant to Rule 12(e).

### LEGAL STANDARD

A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.544.  The court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*,--U.S.-- , 129 S.Ct. 1937, 1949 (2009).  Moreover, it is improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Accordingly, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950.

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

In ruling on a 12(b)(6) motion, a court generally cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  *See, e.g., Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  A court may, however, consider exhibits submitted

with the complaint. *Knievel*, 393 F.3d at 1076.  A "court may [also] consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted).  A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)).

## DISCUSSION

Plaintiffs allege that Defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1693 (2009), as well as TILA's implementing regulation (known as "Regulation Z"), 12 C.F.R. § 226.23, by failing to provide adequate notice of Plaintiffs' right to cancel the loan transactions and by failing to make other material disclosures at the time of the loans' origination.  Based on these violations, Plaintiffs request rescission of the loans.  Defendants argue that Plaintiffs' TILA claim is barred due to Plaintiff's failure to make a timely written rescission demand.

Subject to certain statutory limitations, TILA requires that loan documents state specifically the last date on which a borrower may rescind the loan agreement without penalty (referred to as the "Notice of Right to Cancel"). *Semar v. Platte Valley Federal Sav. & Loan Ass'n*, 791 F.2d 699, 701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a) 2 and former 12 C.F.R. § 226.23(b)(5).  TILA's "buyer's remorse" provision allows borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security. *Semar*, 791 F.2d at 701;15 U.S.C. § 1635(a).  TILA and its regulations, issued by the Federal Reserve System, 12 C.F.R. §§ 226.1-.29 ("Regulation Z"), require the lender to provide a form stating the specific date on which the three-day rescission period expires. *Semar*, 791 F.2d at 701 (citing 15 U.S.C. § 1635(a)).  If the lending institution omits the expiration date and fails to cure the omission by subsequently providing the information, the borrower may rescind the loan within three years after it was consummated.

1  *Semar*, 791 F.2d at 701-702 (citing 15 U.S.C. § 1635(f)).

2        Plaintiffs argue that the Notices of Right to Cancel provided to them when closing their loans failed to include the necessary expiration dates, including the date on which Plaintiffs' option to rescind would expire. (*FAC*, Ex*s*. 8 & 9.) Plaintiffs allege that they attempted to rescind the transaction within the three day time period, however they concede that this attempt consisted of Mr. Balderas contacting a Countrywide representative by telephone. Regulation Z is clear that timely rescission must be executed in writing. *See* 12 C.F.R. § 226.15(a)(2). However, because they received flawed notices in the first instance, Plaintiffs claim they had a continuing right to rescind the transaction, which they timely exercised within the three year period by way of two separate letters from their counsel to Defendants on July 28, 2008 and February 19, 2009. (*Id*., Exs. 12 &13.)

      Plaintiffs attach two Notices of Right to Cancel to their FAC, one per loan as reflected by the differing loan numbers on each form. The notices appear to be in proper form, however they are only partially completed. The "To:" sections have Mr. Balderas' name in them. Both forms are dated September 21, 2006, and state the property address and the lender name and address. The notices are not signed or dated by Mr. or Mrs. Balderas, and the right-to-cancel-by dates are not filled in. Plaintiffs claim that these are the notices that Defendants left in Plaintiffs' possession. This is their sole basis for claiming failure to receive the appropriate disclosures. Plaintiffs' also attach a completed Notice of Right to Cancel to the FAC, which includes the date of the transactions and the right-to-cancel-by dates, and is signed, initialed, and dated by both Mr. and Mrs. Balderas. (*FAC*, Ex. 14, pg. 5.) Plaintiffs do not contest the authenticity of this document, but claim that it was not left in their possession and was kept by Defendants. Plaintiffs argue in their opposition brief that the only notices this Court should consider for present purposes are the blank ones, but offer no convincing support for this assertion.

      "A disclosure statement's signed acknowledgment that plaintiff borrowers . . . received a fully completed copy of the disclosure statement in the absence of dispute as to the document's authenticity 'constitutes prima facie proof of delivery.'" *Garza v. American Home Mort*., 2009 U.S. Dist. LEXIS 40518, 2009 WL 1139594, at *3 (E.D. Cal. April 28, 2009)(citing *Whitlock v. Midwest Acceptance Corp.*, 575 F.2d 652, 653 (8th Cir. 1978)). Plaintiffs allege they have rebutted this

1  presumption since they possess the incomplete notices.  This allegation is insufficient to rebut the
2  presumption.  *Id*. at *3 (stating "[c]onfronted with a prima facie case, [plaintiff-borrowers] [must]
3  not rest on the allegation in their complaint [and] are 'required to offer some evidence in support of
4  the allegation.'" (citing *Whitlock*, 575 F.2d at 653)); *see also Basham v. Finance America Corp.*, 583
5  F.2d 918, 929 (7th Cir. 1978) (affirming TILA claim dismissal where plaintiff signed and
6  acknowledged receipt of disclosures).

7  Plaintiffs further allege that Defendants failed to provide them with a statement of the
8  following items at least three days prior to the execution of the loan documents: annual percentage
9  rate of the mortgages, finance charges, total amount financed, payments owed including balloon
10 payments, payment schedules, variable rates, and the proper notice.  Defendants argue that
11 Plaintiffs' own exhibits contradict this allegation, and the Court agrees.  Plaintiffs attach two
12 separate truth in lending disclosure statements to their FAC, one for each loan.  Each statement is
13 dated September 21, 2006, and according to Plaintiffs' own allegations, were provided to them by
14 employees of Defendants on that date in compliance with the three day period required prior to
15 execution of the loan documents.  The disclosure forms are completed in their entirety and contain
16 all of the material information which Plaintiffs allege to have not received.  Plaintiffs acknowledged
17 their receipt of this information when they signed the notice of right to cancel form.  These
18 documents foreclose Plaintiffs' claim for rescission under TILA, as they clearly demonstrate
19 Defendants provided all required disclosures in a timely manner.

### SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE CLAIMS

21 The Court finds that amendment cannot cure the defect in their TILA claim.  Since Plaintiffs'
22 federal claim has been resolved, the Court must decide whether to continue exercising supplemental
23 jurisdiction over Plaintiffs' state claims.  Federal statute 28 U.S.C. § 1367(c)(3) prescribes a district
24 court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has
25 [resolved] all claims over which it has original jurisdiction . . ."  While discretion to decline to
26 exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the
27 conditions in § 1367(c), it is informed by the *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)
28 values "of economy, convenience, fairness, and comity."  *Acri v. Varian Assocs., Inc.*, 114 F.3d 999,

1001 (9th Cir. 1997). Since state courts have the primary responsibility to develop and apply state law, and the *Gibbs* values do not favor continued exercise of supplemental jurisdiction over Plaintiffs' state claims, the Court dismisses those claims pursuant to 28 U.S.C. § 1367(c)(3).

### CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss. Plaintiffs' federal claim is dismissed with prejudice. Plaintiffs' state claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

**IT IS SO ORDERED**.

DATED: December 10, 2009

Hon. Michael M. Anello
United States District Judge